**Gao Bi HUA, Zhou Mei Jing, Petitioners,**

v.

**Alberto GONZALES Respondent.***

**Docket No. 03–4100, 03–4102.**

United States Court of Appeals, Second Circuit.

July 25, 2005.

---

mer Attorney General John Ashcroft as a respondent in this case.

** The Honorable David N. Hurd, United States District Judge for the Northern District of New York, sitting by designation.

* The Clerk of this Court is directed to alter the caption to reflect the correct ordering of petitioners' names and Alberto Gonzales's recent replacement of former respondent John Ashcroft as United States Attorney General.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioners.

William F. Larkin, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the brief), Syracuse, NY, for Respondent.

Present: POOLER, SACK, Circuit Judges, and GARAUFIS, District Judge.**

## SUMMARY ORDER

Petitioner Gao petitions for review of a decision of the Board of Immigration Appeals summarily affirming an immigration judge's decision denying Gao's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We reverse an immigration judge's credibility determinations only if they are not based on substantial evidence. *Abankwah v. INS*, 185 F.3d 18, 22–23 (2d Cir.1999). Here, the immigration judge's adverse credibility findings were properly based on the implausibility of 1) Gao's inability to pay a fine of an amount less than one tenth the cost of emigration to the United States; 2) police pursuit of Gao given the IJ's conclusion, based on Gao's testimony, that police had likely not seen her at the church; and 3) that police would accuse churchgoers of attending an illegal gathering given that the church was officially sanctioned. In all of these cases, alternative and perhaps more persuasive views of the evidence exist, but the conclusions drawn by the immigration judge are nonetheless reasonably grounded in Gao's testimony and other evidence. Furthermore, Gao's testimony was fully developed on the above issues. We must therefore uphold the findings of the immigration judge.

Gao's arguments concerning the discounting of unsworn letters supporting her story are without merit. Her arguments concerning her emotional state while testifying are relevant only to subjective fear of future persecution, not objective fear, and are thus without merit. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004).

To establish withholding of removal under the CAT, Gao must establish that it is

** The Honorable Nicholas G. Garaufis, of the United States District Court for the Eastern District of New York, sitting by designation.

more likely than not that she would be tortured on return to China. *Id.* at 184. Because the CAT standard includes no subjective component, the IJ may not simply rest his CAT analysis on an adverse credibility finding. *Id.* at 185. Here, the IJ determined that Gao did not carry her burden of proof in establishing her CAT claim. We agree. Gao adduced only anecdotal and background evidence that torture does occur in Chinese prisons, but did not adduce any evidence that torture occurs with such frequency that it is more likely than not that Gao would suffer torture. Nor did Gao adduce any evidence that members of official churches are likely to face torture.

For the above reasons, we deny the petition for review.